NICHOLAS J. BOOS (SBN 233399)
nboos@maynardnexsen.com
GARRETT OWENS (SBN 350086)
gowens@maynardnexsen.com
MAYNARD NEXSEN LLP
Two Embarcadero Center, Suite 1450
San Francisco, California 94111
Telephone:   (415) 646-4700 4
Facsimile:    (205) 254-1999

Attorneys for Defendant
SAFECO INSURANCE COMPANY OF AMERICA

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BYUNG H. KWON, AND/OR AS AN ASSIGNEE OF CLAIMS, An Individual,<br><br>Plaintiff(s),<br><br>v.<br><br>SAFECO INSURANCE COMPANY OF AMERICA AND/OR DOES 1-5, A NEW HAMPSHIRE CORPORATION, AND/OR AN INDIVIDUAL, INCLUSIVE,<br><br>Defendant(s). | Case No. 5:22-cv-02040-MCS-KK<br><br>**MEMORADUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT SAFECO INSURANCE COMPANY OF AMERICA'S MOTION FOR SUMMARY JUDGMENT**<br><br>Date: Oct. 16, 2023<br>Time: 9:00 a.m.<br>Judge: Hon. Mark C. Scarsi<br>Courtroom: 7C |

# TABLE OF CONTENTS

I. INTRODUCTION AND SUMMARY OF ARGUMENT .............................. 4

II. STATEMENT OF FACTS ............................................................................ 4

III. ARGUMENT.................................................................................................. 6

    A. Standard for Summary Judgment ........................................................... 6

    B. Plaintiff's Claims Against Safeco Fail as a Matter of Law Because That Entity Was Not a Party to the Policy ........................................................ 6

    C. Plaintiff Has Not Pled And Plaintiff Cannot Prove Any Alter Ego Theory........................................................................................................ 8

IV. CONCLUSION ............................................................................................. 9

# TABLE OF AUTHORITIES

Page(s)

Cases

*Abdelhamid v. Fire Ins. Exch.*,
   182 Cal. App. 4th 990 (2010) ........................................................................... 6

*Anderson v. Liberty Lobby, Inc.*,
   477 U.S. 242 (1986) ........................................................................................... 6

*Britton v. Co-op Banking Group*,
   4 F.3d 742 (9th Cir. 1993) ................................................................................. 6

*Celotex Corp. v. Catrett, Administratrix of the Estate of Catrett*,
   477 U.S. 317 (1986) ........................................................................................... 6

*Fundin v. Chicago Pneumatic Tool Co.*,
   152 Cal. App. 3d 951 (Ct. App. 1984) .............................................................. 7

*Guz v. Bechtel Nat'l, Inc.*,
   24 Cal. 4th 317 (2000) ....................................................................................... 7

*Kundanmal v. Safeco*,
   2017 WL 6942758 (C.D. Cal. Dec. 13, 2017) ............................................... 7, 8

*Lorbeer Enterprises, LP v. Liberty Mut. Ins. Co.*,
   2019 WL 4284514 (C.D. Cal. May 9, 2019) ................................................. 7, 8

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,
   475 U.S. 574 (1986) ........................................................................................... 6

*Neilson v. Union Bank of California, N.A.*,
   290 F. Supp. 2d 1101 (C.D. Cal. 2003) ............................................................ 8

*Rainbow Sandals, Inc. v. Liberty Mut. Ins. Co.*,
   2014 WL 12577084 (C.D. Cal. Dec. 4, 2014) ................................................... 6

Rules

Fed.R.Civ.P. 56(a) .................................................................................................. 6

Federal Rule of Civil Procedure 26(f)……………………………………………..5

## I.   INTRODUCTION AND SUMMARY OF ARGUMENT

This is an insurance case in which Plaintiff Byung H. Kwon ("Plaintiff") sued the wrong insurance company—Defendant Safeco Insurance Company of America ("Safeco"). Despite being notified multiple times that Safeco was not the insurer, Plaintiff refused to dismiss Safeco and add the actual insurer—First National Insurance Company of America ("First National")—in its place. Safeco is entitled to summary judgment because Plaintiff's claims against it are based on the incorrect premise that Safeco was the insurer. First National was the insurer, Safeco was not, and Plaintiff's claims fail as a matter of law for that reason.

## II.   STATEMENT OF FACTS

First National issued homeowners insurance policy no. OA3545436 to Hughee Kwon ("the Policy") for the policy period October 27, 2020 to October 27, 2021. (Separate Statement Of Controverted Facts ["UF"] 1.) This Policy was renewed for the policy period October 27, 2021 to October 27, 2022. (UF 2.) The Policy provided insurance in connection with the premises at 10171 Victoria Avenue, Riverside, California 92503-6148 (the "Property"). (UF 3.) Plaintiff's Amended Complaint attaches a copy of the Policy issued by First National for the policy period October 27, 2021 to October 27, 2022. (ECF No. 18, Ex. A, pp. 13-44.) First National was the insurer under the Policy. (UF 4.) Safeco was not the insurer under the Policy. (UF 5.)

Plaintiff—as a purported assignee of claims from Hughee Kwon—instituted this action on October 11, 2022 against Safeco—not First National. (UF 8.) Plaintiff's Amended Complaint references two insurance claims made under the Policy issued by First National. (ECF No. 18, ¶ 10.) It references a May 2021 claim pertaining to leaks from two water heaters located within the residence at the Property. (UF 6.) It also references a February 2022 a claim related to a tree that had fallen on a garage on the Property. (UF 7.)

Safeco timely removed this action on November 16, 2022. (UF 9.) Plaintiff was thereafter informed on multiple separate occasions that he had wrongfully named Safeco—and not the appropriate entity First National—and given the opportunity to correct the issue. (UF 10-21.)

On March 1, 2023, counsel for Safeco sent Plaintiff—via fax—a draft Joint Scheduling Report pursuant Federal Rule of Civil Procedure 26(f). (UF 10.) In the draft Report, Safeco advised "Safeco also contends that it was erroneously named as the defendant in this lawsuit, as the subject insurance policy was issued by First National, not Safeco." (UF 11.)

On March 2, 2023, counsel for Safeco spoke to Plaintiff on the telephone. (UF 12.) Counsel for Safeco advised that First National was the proper defendant and Safeco was wrongly named. (UF 13.) Counsel for Safeco offered to enter into a stipulation substituting the correct entity. (UF 14.) Plaintiff stated that he would consider the stipulation. (UF 15.) On March 2, 2023, counsel for Safeco sent a draft stipulation that would substitute First National in place of Safeco. (UF 16.) Plaintiff did not execute the stipulation. (UF 17.)

The Joint Scheduling Report that was submitted to the Court on April 3, 2023, which Plaintiff signed, again included the language "Safeco also contends that it was erroneously named as the defendant in this lawsuit, as the subject insurance policy was issued by First National, not Safeco." (UF 18.)

Finally, in accordance with Central District of California Local Rule 7.3, counsel for Safeco met and conferred with Plaintiff regarding the instant motion on July 31, 2023. (UF 19.) During this conference, counsel for Safeco again advised that First National was the insurer, not Safeco, and that Safeco would make a motion for summary judgment on that basis. (UF 20.) Plaintiff stated that he disagreed and believed Safeco was the appropriate defendant. (UF 21.) This motion followed.

# III. ARGUMENT

## A. Standard for Summary Judgment

Summary judgment is appropriate as to "each claim," or "part of each claim," where there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett, Administratrix of the Estate of Catrett*, 477 U.S. 317, 323 (1986). The party opposing summary judgment has the burden of presenting evidence sufficient to support a jury verdict in his or her favor on every essential element of the claim on which he or she carries the burden of proof. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 322-23 (1986). Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## B. Plaintiff's Claims Against Safeco Fail as a Matter of Law Because That Entity Was Not a Party to the Policy

Plaintiff's claims fail as a matter of law because Safeco was not the insurer under the Policy. Each of Plaintiff's claims—for breach of contract and insurance bad faith, respectively—fundamentally require evidence of a contract between the parties. *See Britton v. Co-op Banking Group*, 4 F.3d 742, 744 (9th Cir. 1993) (a "contractual right may not be invoked by one who is not a party to the agreement"). "The standard elements of a claim for breach of contract are (1) the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) damage to plaintiff therefrom." *Rainbow Sandals, Inc. v. Liberty Mut. Ins. Co.*, No. SACV1401665JLSDFMX, 2014 WL 12577084, at *2 (C.D. Cal. Dec. 4, 2014) (quoting *Abdelhamid v. Fire Ins. Exch.*, 182 Cal. App. 4th 990, 999 (2010) (internal quotation marks and citations omitted)). Similarly, "The covenant of good faith and fair dealing, implied by law in every contract, exists

merely to prevent one contracting party from unfairly frustrating the other party's right to receive the benefits of the agreement actually made." *Id*. (quoting *Guz v. Bechtel Nat'l, Inc.*, 24 Cal. 4th 317, 349 (2000). Accordingly, "a party cannot breach a contract or the implied covenant of good faith and fair dealing if it was not a party to the contract at issue." *Id*. (citing *Fundin v. Chicago Pneumatic Tool Co.*, 152 Cal. App. 3d 951, 956 (Ct. App. 1984)); *see also Kundanmal v. Safeco*, No. 217CV06339SVWJEMX, 2017 WL 6942758, at *2 (C.D. Cal. Dec. 13, 2017) ("under California law, claims for breach of contract, breach of the implied covenant of good faith and fan dealing, and violation of statutory obligations imposed on insurers, generally lie only against the insurer that issued the contract") (citations omitted); *Lorbeer Enterprises, LP v. Liberty Mut. Ins. Co.*, No. 219CV00055JLSJPR, 2019 WL 4284514, at *2 (C.D. Cal. May 9, 2019).

      Plaintiff asserts claims only against Safeco. Plaintiff's claims against Safeco are premised on his contention that Safeco was the insurer under the insurance policy pursuant to which he made the insurance claims at issue. (ECF No. 18, ¶ 7) ("An insured Plaintiff has a tort cause of action against insurer Defendant ('Safeco') for breach of Homeowners Policy OA3545436 or the covenant of good faith and fair dealing that is implied by law in the insurance contract . . . ."); (ECF No. 18, ¶ 8) ("does incorporate California Residential Property Insurance, Policy issued by Defendant Safeco under policy Number: OA3545436 . . . .") Plaintiff is incorrect. The Policy's declarations name the insurer as "First National Insurance Company of America." (UF 22); (ECF No. 18, Ex. C, p. 15.) First National was the insurer and the contracting party; Safeco was not. (UF 1, 4-5.) Plaintiff was warned of this fatal error several times and was provided an opportunity to correct it but opted not to. (UF 10-21.) Because Plaintiff's claims must be brought against a contracting party, and Safeco is not a contracting party, his claims fail as a matter of law.

{06973050.3}       7

### C. Plaintiff Has Not Pled And Plaintiff Cannot Prove Any Alter Ego Theory

Plaintiff has not alleged any facts, and can provide no evidence, that would salvage his fatally flawed claims against Safeco through some alter ego theory. "The two elements of alter ego liability are (1) that the parent exercised so much control over the subsidiary so as to have effectively assumed the subsidiary's day-to-day operations in carrying out the policy, and (2) that an inequitable result would obtain in the absence of the Court applying this standard." *Kundanmal*, 2017 WL 6942758, at *2. Even at the pleading stage, "[c]onclusory allegations of 'alter ego' status are insufficient to state a claim." *Lorbeer Enterprises, LP v. Liberty Mut. Ins. Co.*, 2019 WL 4284514, at *2 (quoting *Neilson v. Union Bank of California, N.A.*, 290 F. Supp. 2d 1101, 1116 (C.D. Cal. 2003)). "Rather, a plaintiff must allege specifically both of the elements of alter ego liability, as well as facts supporting each." *Id.* (quoting *Neilson*, 290 F. Supp. 2d at 1116).

In this case "even less than conclusory, Plaintiff's allegations of alter ego are nonexistent." *Id.* The Amended Complaint does not even attempt to assert some type of legal theory giving rise to an alter ego theory. Instead, Plaintiff's claims are based merely on the flatly incorrect assertion that the Policy was "issued by Defendant Safeco under policy Number OA3545436 . . . ." (ECF No. 18, ¶ 8.) Again, this is incorrect; First National was the insurer. (UF 1, 4-5.) Thus, Plaintiff has not even attempted to raise an alter ego theory through his pleadings. Moreover, Plaintiff has propounded no discovery on Safeco. (UF 23.) Therefore, he has no admissions, interrogatory responses, deposition testimony, or documents to support an alter ego theory even if he had pled one.

Plaintiff was advised on several occasions that he sued the wrong entity and given the opportunity to correct it, yet took no action. (UF 10-21.) Instead, Plaintiff defiantly asserted that Safeco could be sued. (UF 21.) Meanwhile, Plaintiff conducted absolutely no discovery to support any claims against Safeco. (UF 23.)

There is no viable alter ego theory here and Plaintiff has not, and cannot, present any evidence to support one. Safeco is entitled to summary judgment.

## IV. CONCLUSION

For the foregoing reasons, Safeco is entitled to summary judgment.

Dated:  September 6, 2023                          MAYNARD NEXSEN LLP

                                                   */s/ Nicholas J. Boos*
                                          By:      Nicholas Boos
                                                   Attorneys for Defendant
                                                   SAFECO INSURANCE
                                                   COMPANY OF AMERICA

# **LOCAL RULE 11-6.2. CERTIFICATE OF COMPLIANCE**

The undersigned counsel of record for Safeco Insurance Company of America, certifies that this brief contains 1,709 words which complies with the word limit of L.R. 11-6.1.

Dated: September 6, 2023                          MAYNARD NEXSEN LLP

By: */s/ Nicholas J. Boos*
Nicholas Boos
Attorneys for Defendant
SAFECO INSURANCE COMPANY OF AMERICA